**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terrence Louis Lindsey, | No. CV-24-01511-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Avery Lee, | |
| Defendant. | |

Pending before the Court is a Report and Recommendation ("R&R") from the Magistrate Judge recommending that the complaint in this case be dismissed without prejudice for failure to prosecute. (Doc. 15).

On January 21, 2025, Plaintiff was ordered to file a notice of change of address or show cause why this case should not be dismissed by February 4, 2025. (Doc. 14). This Order was mailed to Plaintiff at his last known address that same day. It was returned to the Court as undeliverable on February 13, 2025. On February 10, 2025, the Magistrate Judge issued the pending R&R. (Doc. 15). It was mailed to Plaintiff at his last known address that same day. The R&R was returned to the Court as undeliverable on March 11, 2025.

On February 10, 2025, Plaintiff filed a notice of change of address. (Doc. 16). As a result, on February 11, 2025, the Clerk's office re-sent Plaintiff the R&R. On February 14, 2025, Plaintiff filed another notice of change of address, but listed the same address as his February 10, 2025, change of address.

1   Thus, Plaintiff received the R&R at his new address. No objections to the R&R
2   have been filed and the deadline to file has expired. The R&R advised Plaintiff:

> …The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.
> Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)….

(Doc. 15 at 3).

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). As the R&R indicated, it is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.")

No objections having been received,

/ / /
/ / /
/ / /
/ / /
/ / /

1  **IT IS ORDERED** that the R&R (Doc. 15) is accepted.  The complaint is dismissed,
2  without prejudice, and the Clerk of the Court shall enter judgment accordingly.
3  Dated this 13th day of March, 2025.

James A. Teilborg
Senior United States District Judge